IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. 1:07cv00310 |
| Plaintiff, | COMPLAINT |
| v. | JURY TRIAL DEMAND |
| THE WINNING TEAM, INC., d/b/a ARBY'S, | |
| Defendant. | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Melissa Jackson and a class of similarly situated female employees, who were adversely affected by such practices. As more fully described below, Plaintiff alleges that Melissa Jackson and a class of similarly situated female employees were sexually harassed and subjected to a hostile work environment while working for Defendant, because of their sex, female. Plaintiff further alleges that Defendant discharged Jackson in retaliation for her complaints about the harassment and for otherwise engaging in protected activity.

JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3)("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina, Asheville Division.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant The Winning Team, Inc., d/b/a Arby's ("Defendant"), has been a North Carolina corporation doing business in the state of North Carolina and the city of Asheville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Melissa Jackson filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From around September 2004 through at least July 2005, Defendant engaged in unlawful employment practices at its Arby's restaurants located on Tunnel Road and Oteen Park Place Road in Asheville, North Carolina, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). Specifically, Defendant subjected Melissa Jackson and a group of similarly situated female employees to sexual harassment that created a sexually hostile work environment based

on their sex, female. The sexual harassment was severe or pervasive and included, but was not limited to, unwelcome sexual comments, sexual gestures and touching. The sexual harassment was perpetrated by a general manager who was a co-worker as to Melissa Jackson and who had direct supervisory authority over the other affected women. Defendant's management knew, or reasonably should have known, about the sexual harassment and failed to take prompt corrective action to stop it.

8. On or about June 8, 2005, Defendant engaged in unlawful employment practices at its Tunnel Road Arby's restaurant, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by discharging Melissa Jackson in retaliation for her complaints about sexual harassment and for otherwise engaging in protected activity. Specifically, as early as May 2005, Melissa Jackson complained to Defendant's management, on behalf of herself and others, about the sexual harassment to which the general manager was subjecting Defendant's female employees. On June 8, 2005, Defendant discharged Jackson because of her complaints.

9. The effect of the practices complained of in paragraph 7 has been to deprive Melissa Jackson and a class of similarly situated female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, female.

10. The effect of the practices complained of in paragraph 8 has been to deprive Melissa Jackson of equal employment opportunities and otherwise affect her status as an employee because she engaged in activity protected by Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

11. The unlawful employment practices complained of in paragraphs 7 and 8 were intentional.

12. The unlawful employment practices complained of in paragraphs 7 and 8 were done with malice or with reckless indifference to the federally protected rights of Melissa Jackson and a class of similarly situated female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment and engaging in retaliation and any other employment practice which discriminates on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, for employees who engage in protected activity under any statute enforced by the Commission, and for employees who oppose employment practices which the employee reasonably believes to be unlawful under any statute enforced by the Commission.

C. Order Defendant to make whole Melissa Jackson by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D. Order Defendant to make whole Melissa Jackson and other similarly situated female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, in amounts to be determined at trial.

E. Order Defendant to make whole Melissa Jackson and other similarly situated female employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights in amounts to be determined at trial.

F. Order Defendant to pay Melissa Jackson and other similarly situated female employees punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

This the 26th day of September, 2007.

    RONALD S. COOPER
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel
    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
    1801 L Street, N.W.
    Washington, D.C. 20507

    s/ Lynette A. Barnes
    LYNETTE A. BARNES (NC Bar 19732)
    Regional Attorney
    E-mail: lynette.barnes@eeoc.gov

TINA BURNSIDE (WI Bar 1026965)
Supervisory Trial Attorney
E-mail: tina.burnside@eeoc.gov

  s/ Kara Gibbon Haden
KARA GIBBON HADEN (NC Bar 26192)
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone:  (704) 344-6887
Facsimile:   (704) 344-6780
Email: kara.haden@eeoc.gov