IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07cv310

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| Vs. | )<br>) | ORDER |
| THE WINNING TEAM, INC.,<br>d/b/a ARBY'S, | )<br>)<br>) | |
| Defendant. | )<br>) | |

**THIS MATTER** is before the court on defendant's Motion for Issuance of Subpoena. For cause, defendant states that Charter Communications has refused to honor defendant's subpoena for certain stored email communications, and requests that this court either issue its own subpoena or its Order compelling the subscriber - - the person on whose behalf his action has been brought - - to provide her written consent for production of such documents.

There are a number of problems with defendant's motion which require its summary denial. First, the motion was filed without reflection of consultation a violation of Local Civil Rule 7.1(B), which provides as follows:

**(B) Requirement of Consultation.** Any motions other than for

dismissal, summary judgment, or default judgment shall show that counsel have conferred or attempted to confer and have attempted in good faith to resolve areas of disagreement and set forth which issues remain unresolved.

LCvR 7.1(B). Second, the motion seeks issuance by this court of its *own* subpoena, arguing that Charter has failed to heed defendant's subpoena. While the subpoena defendant issued has counsel's signature at the bottom, such <u>was</u> issued from this court, Fed.R.Civ.P. 45(a)(2)(C), and by the Clerk of this court. Fed.R.Civ.P. 45(a)(3). There simply is no provision for a federal judge to issue his or her own subpoena on behalf of a party. Put another way, a subpoena is no potent when a judge signs it rather than an authorized attorney.

Defendant has two options at this point: if its subpoena has not been properly complied with, it can move the court to hold the deponent in contempt under Rule 45(e); or the normal process can be followed, in which the recipient of a subpoena files a <u>motion</u> <u>to</u> <u>quash</u>.

Finally, this court is without authority at this point to compel a non-party to this litigation to sign a release. Defendant has failed to cite any authority in support of her request that this court compel a non-party to sign a release. Counsel is advised that the Local Civil Rules also require the filing of a brief in support of a motion. LCvR 7.1(C).

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Issuance of Subpoena (#13) is **DENIED** without prejudice.

Signed: May 6, 2008

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge