# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07cv310

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) Vs. ) ) THE WINNING TEAM, INC., ) d/b/a ARBY'S, ) ) Defendant. ) ) | ORDER |

**THIS MATTER** is before the court on plaintiff's Motion to Compel. Specifically, plaintiff seeks to compel the production and disclosure of financial documents responsive to Request for Production No. 25. In that request, plaintiff seeks defendant's income statements or comparable profit and loss statements from January 1, 2005, to the present.

In response to the initial request, defendant timely objected to producing such documents, citing plaintiff's purported failure to include a demand for punitive damages in its Complaint. The court notes, that in both the supporting and responsive briefs, the parties refer to a *demand* for punitive damages as a "claim." A demand for punitive damages is not a claim:

> As a general rule, "[p]unitive damages do not and cannot exist as an independent cause of action, but are mere incidents of the cause of action and can never constitute a basis for it. If the injured party has no cause of action independent of a supposed right to recover punitive damages, then he has no cause of action at all." J. Stein, *Damages and Recovery* § 195 at 389 (1972). North Carolina follows this general rule of law.

Hawkins v. Hawkins, 101 N.C.App. 529, 532 (1991). To put punitive damages on the table, a plaintiff need only express punitive damages as a *demand* in accordance with Rule 8(a)(3), Fed.R.Civ.P., as opposed to a claim under Rule 8(a)(2), in the *ad damnum clause* of the Complaint. In this case, plaintiff did precisely that in its Prayer for Relief:

> F. Order Defendant to pay Melissa Jackson and other similarly situated female employees *punitive damages* for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

Compl., at 4.

Thus, defendant's initial objection was based on a mistaken reading of the Complaint. In its response to the motion, defendant now argues that such documents should not be compelled because defendant is entitled to summary judgment on plaintiff's demand for punitive damages. Defendant has, in its responsive brief, moved for summary judgment on the demand for punitive damages.

There are two problems with defendant's proposed motion. First, including a

motion in a responsive pleading is simply prohibited by Local Civil Rule 7.1(c)(2), which is captioned "**Motions Not to be Included in Responsive Briefs.**" L.Cv.R. 7.1(C)(2)(emphasis in original). Second, the deadline for filing motions for summary judgment passed before such response was filed, and defendant did not include such a request in the timely Motion for Summary Judgment it did file. Thus, any such motion would be time barred.[1]

The issue is, therefore, narrowed to whether the documents sought are relevant to an issue in this action. Fed.R.Civ.P. 26. Clearly, plaintiff has made a demand for punitive damages and plaintiff has alleged that defendant engaged in unlawful employment practices that were "done with malice or with reckless indifference ...." Compl., at ¶ 12. Under prevailing Fourth Circuit law, when an employee has discriminated in the face of a known risk that his conduct will violate federal law,

> an employer may be held vicariously liable for a punitive damage award in a Title VII case for the intentionally discriminatory conduct of its employee, where the employee served the employer in a managerial capacity [and] committed the intentional discrimination at issue while acting in the scope of employment, and the employer did not engage in good-faith efforts to comply with Title VII.

---

[1] Defendant cannot claim that its failure to include such a request in its June 27, 2008, Motion for Summary Judgment was based on its mistaken belief that no such demand was contained in the Complaint, inasmuch as defendant was made aware of the demand and defendant's error in a letter from plaintiff's counsel posted May 8, 2008.

Lowery v. Circuit City Stores, Inc., 206 F.3d 431, 442 (4th Cir.), *cert. denied*, 531 U.S. 822 (2000). Assuming this matter goes on to trial, the court will simply have to wait and see if plaintiff's proof matches up with the standard as established in Lowery. Plaintiff having made sufficient allegations in the Complaint, and punitive damages being available under Title VII for certain conduct, the documents sought are relevant and the court will direct defendant to produce such documents. Such production shall be subject to the Protective Order earlier entered in this case.

* * *

In accordance with Rule 37(a)(5)(A)(iii), the court will not award plaintiff its expenses on this motion inasmuch as it appears that the objection of defendant was based on the mistaken, but good faith, belief of counsel, and it would be unjust to impose expenses on defendant for such an error of counsel.[2] The parties shall bear their own costs as to this motion.

---

[2] Counsel for plaintiff is to be commended on the efforts they made in bringing the error to the attention of counsel for defendant and discussing the matter with counsel for defendant prior to bringing its motion. See Memorandum in Support, at 2-4.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Compel (#25) is **GRANTED,** and defendant shall produce the requested documents not later than the close of business on Friday, July 25, 2008. The parties shall bear their own costs as to such motion.

Signed: July 18, 2008

Dennis L. Howell
United States Magistrate Judge