**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL NO.  1:07CV310**

| | |
|---|---|
| **EQUAL EMPLOYMENT** )<br>**OPPORTUNITY COMMISSION,** )<br>)<br>        **Plaintiff,** )<br>)<br>    **Vs.** )<br>)<br>**THE WINNING TEAM, INC., d/b/a** )<br>**ARBY'S,** )<br>)<br>       **Defendant.** )<br>)  | **O R D E R** |

**THIS MATTER** is before the Court on Defendant's motion to bifurcate

pursuant to Fed. R. Civ. P. 42(b).

Defendant requests that Plaintiff's claim for punitive damages be

bifurcated and tried separately from the issues of liability and

compensatory damages.  **Defendant's Motion to Bifurcate, filed**

**October 26, 2008, at 1.**  Defendant argues that allowing the jury to

consider punitive damages before liability will unfairly prejudice the

Defendant, but bifurcating the proceedings would not result in prejudice to

the Plaintiff.  **Defendant's Brief in Support of Motion to Bifurcate, filed October 26, 2008, at 2-3.**

As noted by the Defendant, Rule 42(b) provides that "[f]or convenience, or to expedite and economize," the Court may order a separate trial of any claim.  **Fed. R. Civ. P. 42(b); Defendant's Brief, *supra*, at 1.**  During the final pretrial conference held October 27, 2008, the parties voiced their respective positions on this issue.  Because the Court is unconvinced the Defendant would be prejudiced by not bifurcating these proceedings or that bifurcation would expedite the trial or facilitate judicial economy, the motion is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to bifurcate is **DENIED**.

Signed: October 30, 2008

Lacy H. Thornburg
United States District Judge