IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:07CV310

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | **MEMORANDUM AND ORDER** |
| THE WINNING TEAM, INC., d/b/a ARBY'S, | ) ) ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the Court on Plaintiff's motion for a new trial and Defendant's response thereto. **Plaintiff EEOC's Motion for a New Trial and supporting Memorandum, filed November 21, 2008; Defendant's Response to Plaintiff's Motion for a New Trial, filed December 4, 2008.**

Plaintiff filed this action on September 26, 2007, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, alleging that Melissa Jackson had been subjected to a sexually hostile work environment and that when she complained to the Defendant,

her employment was terminated in retaliation.  **Complaint, filed September 26, 2007.**

On October 29, 2007, Defendant filed its answer denying the causal allegations and alleging that the real reason for Jackson's dismissal was her admitted violation of Defendant's cash deposit policy.  **Defendant's Answer to Complaint, filed October 29, 2007, ¶¶ 4, 5.**  Defendant further alleged that Jackson was terminated effective June 8, 2005, and that the Employment Security Commission had determined Jackson "was disqualified from receiving unemployment benefits in that she was separated from her job for failure to adhere to company safe and deposit procedures."  *Id.*, **¶ 5 (quotations omitted).**

After a three day jury trial, the jury returned a verdict finding that Plaintiff had not proved by a preponderance of the evidence that "Melissa Jackson was subjected to a sexually hostile work environment" or that Defendant "retaliated against Melissa Jackson by terminating her employment for complaining about sexual harassment."  **See Issues, filed November 5, 2008.**

The Rules provide that the Court "may . . . grant a new trial on all or some of the issues – and to any party – . . . after a jury trial, for any reason

for which a new trial has heretofore been granted in an action at law in federal court[.]" **Fed. R. Civ. P. 59(a)(1)(A).** When considering a motion for a new trial, the Court has discretion in weighing the evidence, assessing the credibility, and deciding whether to grant or deny same. "The district court's ruling will not be reversed unless a clear abuse of discretion appears." **Taylor v. Home Ins. Co., 777 F.2d 849, 855 (4th Cir. 1985).** For the reasons set forth below, Plaintiff's motion is denied.

> To establish a Title VII claim for sexual harassment in the workplace, a female plaintiff must prove that the offending conduct (1) was unwelcome, (2) was based on her sex, (3) was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment, and (4) was imputable to her employer.

**Ocheltree v. Scollon Prod., Inc., 335 F.3d 325, 331 (4th Cir. 2003).** The gravamen of any sexual harassment claim is that the alleged offending conduct was unwelcome. **Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 68 (1986).**

As to imputed responsibility, it is important to note that Defendant had taken reasonable steps to provide an opportunity for any offended employee to promptly report any sexually harassing behavior. **Smith v. First Union Nat'l Bank, 202 F.3d 234, 244 (4th Cir. 2000).** Defendant had

a company-wide, written, posted anti-harassment, anti-discrimination policy in effect that was known to Jackson, but was not followed.  **Transcript of Trial Proceedings, Vol. I, filed March 24, 2009, at 57-58;** *see also,* ***Barrett v. Applied Radiant Energy Corp.,*** **240 F.3d 262, 266 (4th Cir. 2001).**  This evidence was a part of the total picture before the jury for its consideration in reaching its verdict.

      The main contention contained in Plaintiff's motion is that any evidence relating to Jackson's participation in sexually charged conduct and speech in the workplace and in the presence of employees being supervised by her was inadmissible under Fed. R. Evid. 412.  **Plaintiff's Memorandum,** *supra***, at 7.**  The rule provides that evidence offered "to prove that any alleged victim engaged in other sexual behavior" or "to prove any alleged victim's sexual predisposition" is not admissible in any civil (or criminal) proceeding involving alleged sexual misconduct.  **Fed. R. Evid. 412(a)(1), (2).**  However, Plaintiff virtually ignores the exceptions to Rule 412(a).  Both Rules 412(b)(1) (for criminal cases) and 412(b)(2) (for civil cases) indicate that this evidence is admissible under these sections if it is "otherwise admissible" under the Rules, and meets the "general requirements of relevance of Article IV and the balancing test of Rule 403."

***Glen Weissenberger & James Duane, Federal Evidence*, § 412.4 (5th ed. 2006).**

> When the court is requested to exclude evidence for one of the reasons specified under Rule 403,[1] the trial judge must determine whether the adverse effect *substantially* outweighs the probative value of the evidence. The word "substantial" is undoubtedly a word of some elasticity, and ultimately in applying that standard, the trial judge has broad discretion. Consequently, it is generally held that a trial judge's determination based on Rule 403 will be overturned only upon a showing of abuse of discretion.

***Id*. at § 403.2 (citing *Foley v. City of Lowell*, 948 F.2d 10 (1st Cir. 1991)) (footnote and emphasis added).**

First, the evidence to which Plaintiff objects is clearly relevant to the case. Rule 401 of Article IV of the Federal Rules of Evidence defines relevant evidence as follows:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

**Fed. R. Evid. 401.** As noted *supra*, Rule 403 provides that evidence must be excluded "if its probative value is *substantially* outweighed by the

---

[1] "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury[.]" **Fed. R. Evid. 403.**

danger of unfair prejudice, confusion of the issues, or misleading the jury[.]" **Fed. R. Evid. 403 (emphasis added).**

The true nature of the workplace in this case could only be exposed by those employees and fellow supervisors who were a part and parcel of that environment. Their testimony in this case created no danger of unfair prejudice but rather was essential to provide the jury a full and fair understanding of what had occurred including Jackson's personal participation in the events. The balancing test of Rule 403 as well as the relevance requirement of Rule 401 weighs heavily in favor of admitting the evidence to which Plaintiff objects. "The trier of fact must determine the existence of sexual harassment in light of 'the record as a whole' and 'the totality of circumstances, such as the nature of the sexual advances and the context in which the alleged incidents occurred.'" **Meritor Sav. Bank, 477 U.S. at 69 (quoting 29 C.F.R. § 1604.11(b) (1985)).**

> [I]n order to be actionable under the statute, a sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim *in fact* did perceive to be so. [Courts are] to determine whether an environment is sufficiently hostile or abusive by "looking at all the circumstances," including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."

*Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)) (emphasis added).

The admitted evidence provided the jury a view of "all the circumstances" as envisioned in *Faragher*. It is also consistent with the general rule in this Circuit that "Title VII was not designed to create a federal remedy for all offensive language and conduct in the workplace." *Hopkins v. Baltimore Gas & Elec. Co.*, 77 F.3d 745, 754 (4th Cir. 1996). The evidence was also consistent with the proposition that Jackson's behavior at the workplace "is highly relevant to the question of whether the alleged harassment was welcome." *Browne v. Signal Mountain Nursery, L.P.,* 286 F. Supp. 2d 904, 923 (E.D. Tenn. 2003) (citing *Meritor Sav. Bank*, 477 U.S. at 69).

Plaintiff also argues it is entitled to a new trial due to Defendant's failure to comply with Rule 412(c) by not filing a written motion 14 days before trial specifically stating its intention to offer evidence of the sexual behavior of the alleged victim, Melissa Jackson. **Plaintiff's Memorandum, *supra*, at 9-14.** Defendant admits that no motion was filed pursuant to Rule 412(c), but denies that this failure requires the Court to

grant a new trial.  **Defendant's Response**, *supra*, **at 3-5.  The Court agrees.**

> The failure to follow the procedural requirements [of Rule 412] for admission was harmless in light of [Jackson's] knowledge that [Defendant] intended to introduce the evidence, and the evidence was probative because an employee's workplace behavior is highly relevant to the question of whether the alleged harassment was welcome[.]

***Beard v. Flying J, Inc.*, 266 F.3d 792, 801 (8th Cir. 2001) (internal citations omitted);** *see also* **Wilson v. City of Des Moines, 442 F.3d 637, 642-43 (8th Cir. 2006) (holding such evidence to be admissible as an exception under Rule 412(b)(2)).**

In this case, the Plaintiff conducted the depositions of witnesses Dillingham, Garland, Dunn, and Phillips and filed a motion in limine to exclude the evidence of Jackson's sexual behavior, which the Court denied well before the trial began.  The Plaintiff was also aware of the evidence through the Defendant's Rule 26 Disclosures.  Therefore, Plaintiff could not have been surprised in any way by the admission of the evidence.  Defendant's failure to file the required motion pursuant to Rule 412(c) was clearly harmless error when the record, as it must be, is considered in its entirety.

The Plaintiff further contends the Court erred in allowing the admission of documents from the North Carolina Employment Security Commission related to Jackson's appeal of a denial of her unemployment benefits because such records are privileged under N.C. Gen. Stat. § 96-4(t)(5).  **Plaintiff's Memorandum, *supra*, at 17-18**.

First and foremost, the results of the appeal were not disclosed to the jury.  Second and to the point, Jackson denied that [mjackson6@charter.net](mjackson6@charter.net) was her correct e-mail address on August 12, 2005, the date on which Phillips and Yoder received e-mails from this address apologizing for Jackson's late bank deposits.  **Trial Transcript, Vol. I, *supra*, at 71-72, 75.**  It was also the same date and same e-mail address used to appeal the denial of unemployment benefits.  *Id*. **at 78.**  Inasmuch as the only reason for allowing the admission of that specific portion of the appeal record showing the e-mail address into evidence was to place in issue Jackson's credibility, such evidence did not involve any statement made by Jackson regarding her Employment Security Commission hearing, and therefore, the privilege guarantees of N.C. Gen. Stat. § 96-4(t)(5) were not violated.

Plaintiff next contends that the Court erred in providing the jury with the following instruction:

> Now, members of the jury, during the course of the trial, the Court permitted one or more witnesses to testify about alleged comments or acts by Ms. Jackson that were described as being of a sexual nature. Such comments or acts which you find to have occurred, if any, may only be considered for the sole purpose of determining whether the acts or language of which she complained were actually unwelcome.

**Trial Transcript, Vol. III, filed March 24, 2009, at 541-42; Plaintiff's Memorandum,** *supra***, at 3-4.** Plaintiff's objection to this instruction stems from the previous argument that the admission of any evidence relating to Jackson's conduct "offered to disprove 'unwelcomeness'" in this case was prejudicial. Plaintiff's objections to this instruction were overruled at trial. Again, the Court finds this evidence was properly admitted and, therefore, this instruction is a correct statement of controlling law as it relates to the question of whether Jackson actually welcomed the conduct of which Plaintiff complains. The Court further instructed the jury:

> Conduct that only amounts to ordinary socializing in the workplace, such as occasional horseplay, sexual flirtation, sporadic or occasional use of abusive language, gender-related jokes and occasional teasing, does not constitute an abusive or hostile environment.

**Trial Transcript, Vol. III**, *supra*, at 542 (quoting *Federal Jury Practice & Procedure*, § 171.40 (5th ed.) (citing *Faragher*, 524 U.S. at 786-87; *Harris*, 510 U.S. at 21-22)). Particularly relevant to this case is the standard enunciated by *Harris*:

> The standard, which we reaffirm today, takes a middle path between making actionable any conduct that is merely offensive and requiring the conduct to cause a tangible psychological injury. . . . Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment – an environment that a reasonable person would fine hostile or abusive – is beyond Title VII's purview. Likewise, *if the victim does not subjectively perceive the environment to be abusive*, the conduct has not actually altered the conditions of the victim's employment, and *there is no Title VII violation*.

*Harris*, 510 U.S. at 21-22. When considered "in light of the whole record," as this Court is required to do, the foregoing jury instructions are correct and Plaintiff's objections to such instructions are overruled. **See Abraham v. County of Greenville, SC, 237 F.3d 386, 393 (4th Cir. 2001).**

Finally, Plaintiff "asserts that the Court erred in granting directed verdict on the issue of punitive damages [and] EEOC is not waiving appeal of this issue." **Plaintiff's Memorandum,** *supra,* **at 6 n.3.**

Section 1981a(b)(1) reads in pertinent part:

> A complaining party may recover punitive damages under this section against a respondent . . . if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

**42 U.S.C. § 1981a(b)(1).** A consideration of the entire evidence in this case indicates that Plaintiff's evidence fails to meet the required standard for punitive damages.

> The very structure of § 1981a suggests a congressional intent to authorize punitive awards in only a subset of cases involving intentional discrimination. . . . Congress plainly sought to impose two standards of liability – one for establishing a right to compensatory damages and another, higher standard that a plaintiff must satisfy to qualify for a punitive award.

***Kolstad v. American Dental Ass'n*, 527 U.S. 526, 534 (1999).** This objection, therefore, is overruled.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motion for a new trial is **DENIED** in its entirety.

Signed: March 26, 2009

Lacy H. Thornburg
United States District Judge